**IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF FLORIDA
FORT LAUDERDALE DIVISION**


CASE NO. 12-60862-CIV-MIDDLEBROOKS/BRANNON


SHIRE DEVELOPMENT LLC,
SHIRE PHARMACEUTICAL
DEVELOPMENT INC.,
COSMO TECHNOLOGIES LIMITED and
GIULIANI INTERNATIONAL LIMITED,

Plaintiffs,

v.

WATSON PHARMACEUTICALS, INC.,
WATSON LABORATORIES, INC. –
FLORIDA, WATSON PHARMA, INC., and
WATSON LABORATORIES, INC.,

Defendants.
_____/


**WATSON'S MOTION *IN LIMINE* AND MEMORANDUM OF LAW TO EXCLUDE
TESTIMONY AND OTHER EVIDENCE AT TRIAL RELATED TO
<u>THE APPROVABILITY OF WATSON'S ANDA</u>**

## I.        Introduction

Defendant Watson[1] respectfully moves under Rules 402 and 403 to exclude all evidence and testimony related to the approvability of Watson's ANDA. Through its pre-trial deposition designations and even the listing of an expert on FDA procedures (for which no report was served) as a "may call" witness, it appears that Shire intends to introduce evidence and litigate unpleaded issues concerning the ANDA approval process not relevant to this patent case. The only relevant issues before the Court are whether or not Watson's ANDA product will infringe claims 1 and 3 of the '720 patent and whether or not the '720 patent is valid. Evidence and testimony related to whether or not or when Watson's ANDA will be approved by the FDA is irrelevant with respect to each of these issues and therefore should be excluded. Allowing Shire to essentially put Watson's ANDA on trial – rather than the product described in Watson's ANDA – would be a complete waste of the Court's time and only lead to confusion.

## II.       Evidence Related to the Approvability of Watson's ANDA Is Not Relevant to Issues of Infringement or Validity and Has No Place in a Patent Trial.

This lawsuit, filed under the Hatch-Waxman Act[2], concerns Shire's allegation that Watson's proposed generic version of Shire's mesalamine drug product sold under the brand

---

[1] Actavis, Inc. (formerly known as Watson Pharmaceuticals, Inc.), Watson Laboratories, Inc. – Florida, Watson Pharma, Inc., and Watson Laboratories, Inc., (collectively "Defendants" or "Watson").

[2] The Hatch-Waxman Act is the name commonly used to refer to the Drug Price Competition and Patent Term Restoration Act of 1984, Pub. L. No. 98-417, 98 Stat. 1585 (1984) (codified at 21 U.S.C. §§ 355, 360(cc) (2000), 35 U.S.C. §§ 156, 271, 282 (2000)), as amended by the Medicare Prescription Drug, Improvement, and Modernization Act of 2003 ("MMA"), Pub. L. No. 108-173, 117 Stat. 2066 (2003).

name Lialda® infringes the claims of the '720 patent[3]. Watson's proposed generic product is the

subject of Abbreviated New Drug Application No. 203817 ("Watson's ANDA"), now pending

before the United States Food and Drug Administration ("FDA"). At issue in this case is whether

Watson's ANDA, as filed, describes a product that would infringe a valid claim of the '720

patent.

A Hatch-Waxman Act infringement action, such as the instant case, is a hypothetical case

that asks the fact finder to determine whether the drug that will be sold upon approval of the

ANDA will infringe the asserted patent. *Bayer AG v. Elan Pharm. Research Corp.*, 212 F.3d

1241, 1248 (Fed. Cir. 2000). As Watson's ANDA clearly defines the tablet that Watson is

seeking to sell, evidence beyond Watson's ANDA is largely irrelevant. *See id.* at 1248-49. And,

certainly, the question of whether or not Watson's ANDA as filed will be approved by the FDA,

and if so when, is completely irrelevant.[4]

The Court previously denied Shire's Motion for Order to Show Cause and attempt to stay

this case based on the approvability issue (D.E. 88), noting that Shire failed to provide any

"precedent or authority to support" its entitlement to the relief requested. Ignoring this ruling,

Shire apparently still plans to put the approvability issue before the Court at trial. For example, in

its affirmative deposition designations served March 1, 2013, Shire designated large amounts of

---

[3] U.S. Patent No. 6,773,720 ("the '720 patent").

[4] *Cf. Hanson v. United States*, 417 F. Supp. 30, 37 (D. Minn. 1976) *aff'd*, 540 F.2d 947 (8th Cir. 1976) ("District Courts have no role to play in determining whether a new drug should or should not be approved by the FDA."); *Sprague v. The Upjohn Co.*, No. 91-40035, 1995 WL 376934, at *2 (D. Mass. May 10, 1994).

testimony from at least four Watson witnesses[5] and listed the expert who supported its denied

Motion for Order to Show Cause, Dr. Fleischer, as a "may call" witness at trial even though he

did not serve an expert report and his declaration in connection with the Motion for Order to

Show Cause relates to FDA issues, if anything, and not the narrow patent issues to be tried.

Although Watson is concurrently serving objections to the testimony designated by Shire

on several grounds, Watson brings the present motion in the event that Shire attempts to call Dr.

Fleischer and/or elicit testimony from any other live witnesses or present any documentary

evidence on this non-relevant issue. The introduction of this irrelevant evidence would burden

the Court and would also be prejudicial to Watson because it would be a waste of time and

would tend to confuse and distract from the issues of infringement and validity to be tried.

Federal Rule of Evidence 401 provides that evidence is relevant if  "(a) it has any

tendency to make a fact more or less probable than it would be without the evidence; and (b) the

fact is of consequence in determining the action." Fed. R. Evid. 401. Rule 402 provides that

"[i]rrelevant evidence is not admissible." Fed. R. Evid. 402. Rule 403 allows the court to exclude

relevant evidence "if its probative value is substantially outweighed by a danger of one or more

of the following: unfair prejudice, confusing the issues, misleading the jury, undue delay,

wasting time, or needlessly presenting cumulative evidence." Fed. R. Evid. 403. Testimony and

evidence related to the approvability of Watson's ANDA is clearly not probative of any fact that

is "of consequence in determining" either infringement or validity of the '720 patent and should

be excluded under Rule 402. Moreover, even if somehow such evidence provides some modicum

---

[5] Alberto Rivalta, Suparna Mukherjee, Guocai Tang, and Janet Vaughn.

of relevance, its probative value is substantially outweighed by confusion of the issues, undue

delay, and waste of time and should be excluded under Rule 403.

### III.    Conclusion

For the reasons stated above, evidence related to the approvability of Watson's ANDA is

not relevant to infringement or validity and should accordingly be excluded from trial.

Dated:  March 26, 2013                  Respectfully submitted,

                                        /s/ Craig P. Lytle
                                        James K. Stronski*
                                        Email: jstronski@crowell.com
                                        Bruce D. DeRenzi*
                                        Email: bderenzi@crowell.com
                                        Crowell & Morning LLP
                                        590 Madison Avenue, 20th Floor
                                        New York, NY 10022-2544
                                        Phone: 212.895.4217
                                        Fax: 212.223.4134


                                        Kristin M. Cooklin*
                                        Email: kcooklin@crowell.com
                                        Craig P. Lytle*
                                        Email: clytle@crowell.com
                                        Crowell & Moring LLP
                                        1001 Pennsylvania Ave. NW
                                        Washington, DC 20004
                                        Phone: 202.624.2500
                                        Fax: 202.628.5116

                                        AND

                                        /s/ Janet T. Munn
                                        Janet T. Munn, Fla. Bar No. 501281
                                        Rasco Klock
                                        283 Catalonia Avenue, Suite 200
                                        Coral Gables, Fl 33134
                                        Telephone:  305.476.7101
                                        Telecopy:  305.476.7102
                                        Email: jmunn@rascoklock.com

                                        *Counsel for Defendants*

                                         * Admitted *pro hac vice*

<u>**CERTIFICATE OF SERVICE**</u>

I HEREBY CERTIFY that on this 26th day of March 2013, I electronically filed the foregoing document with the Clerk of the Court using CM/ECF. I also certify that the foregoing document is being served this day on all counsel of record identified below in the manner specified, either via transmission of Notices of Electronic Filing generated by CM/ECF, or in some other authorized manner for those counsel or parties who are not authorized to receive electronically Notices of Electronic Filing, and that the foregoing document was earlier served on March 15, 2013, on counsel for Plaintiffs by agreement of the parties, and was served by Kristin M. Cooklin, Esq., via electronic mail.

**Martin James Keane, Jr., Esq.**
Email:  mkeane@gjb-law.com
**William Barry Blum, Esq.**
Email:  bblum@gjb-law.com
Genovese Joblove & Battista
100 S.E. 2nd Street
Suite 4400
Miami, FL  33131

**Eric C. Christu, Esq.**
Email: echristu@shutts.com
**Daniel J. Barsky, Esq.**
Email: dbarsky@shutts.com
Shutts & Bowen LLP
525 Okeechobee Boulevard
Suite 1100
West Palm Beach, FL 33401

**Edgar H. Haug, Esq.\***
Email:  ehaug@flhlaw.com
**Elizabeth Murphy, Esq.\***
Email:  emurphy@flhlaw.com
**Jason A. Lief, Esq.\***
Email:  jlief@flhlaw.com
**Mark P. Walters, Esq.\***
Email:  mwalters@flhlaw.com
**Andrew Wasson, Esq.\***
Email:  awasson@flhlaw.com
Frommer Lawrence & Haug, LLP
745 Fifth Avenue
New York, NY  10151
*Counsel for Plaintiffs*

**\*Admitted Pro Hac Vice**

By: /s/ Janet T. Munn
      Janet T. Munn