IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF FLORIDA
FORT LAUDERDALE DIVISION

CASE NO. 12-60862-CIV-MIDDLEBROOKS/BRANNON

SHIRE DEVELOPMENT LLC,
SHIRE PHARMACEUTICAL
DEVELOPMENT INC.,
COSMO TECHNOLOGIES LIMITED and
GIULIANI INTERNATIONAL LIMITED,

Plaintiffs,

v.

WATSON PHARMACEUTICALS, INC.,
WATSON LABORATORIES, INC. –
FLORIDA, WATSON PHARMA, INC., and
WATSON LABORATORIES, INC.,

Defendants.
_____/

**DEFENDANTS' OPPOSITION TO SHIRE'S MOTION IN LIMINE TO PRECLUDE
WATSON FROM OFFERING ANY EVIDENCE OR TESTIMONY AT TRIAL
<u>RELATING TO PRIOR-ART-BASED ARGUMENTS</u>**

# TABLE OF CONTENTS

**Page**

I. Introduction ........................................................................................................................ 2

II. Argument ........................................................................................................................... 3

    A. No Broad Prior Art Order Of Exclusion Should Issue Because The Prior Art Identified By Watson Is Relevant To Watson's Non-Infringement And 35 U.S.C. § 112 Invalidity Defenses ................................................................... 3

III. Conclusion ......................................................................................................................... 6

# TABLE OF AUTHORITIES

**Page(s)**

**FEDERAL CASES**

*Acumed L.L.C. v. Stryker Corp.*,
 483 F.3d 800 (Fed. Cir. 2007)......................................................................................5

*AK Steel Corp. v. Sollac and Ugine*,
 344 F.3d 1234 (Fed. Cir. 2003)....................................................................................4

*In re Wands*,
 858 F.2d 731 (Fed. Cir. 1988)......................................................................................4

*Phillips v. AWH Corp.*,
 413 F.3d 1303 (Fed. Cir. 2005)(en banc)....................................................................5

**FEDERAL STATUTES**

35 U.S.C. §§ 102-103 .........................................................................................2, 3, 4, 6

35 U.S.C. § 112..................................................................................................2, 3, 4, 6

35 U.S.C. § 282................................................................................................................3, 4

## I.    Introduction

Watson[1] opposes Shire's over-reaching motion to preclude Watson from offering any evidence or testimony relating to references or mesalamine drug products that are prior art to U.S. Patent No. 6,773,720 ("the '720 patent"). Specifically, the motion seeks exclusion of evidence and argument at trial that the '720 patent is invalid based on the prior art. Such a broad exclusion is clearly inappropriate because Watson is entitled to introduce relevant evidence and make arguments – including relating to relevant prior art – concerning the defenses it has raised. Shire's motion is premised on the undisputed fact that Watson did not pursue or plead an affirmative defense that the '720 patent is invalid over the prior art based on anticipation or obviousness under 35 U.S.C. §§ 102 and 103, respectively. But this is irrelevant because prior art relates to other defenses to be tried. Watson is unequivocally entitled to discuss, as it has throughout the course of this litigation, the prior art in the context of its non-infringement and 35 U.S.C. § 112, 1st paragraph ("35 U.S.C. § 112") defenses. Accordingly, Shire's motion must be denied.

The prior art defines the state of the art at the time of the alleged invention of the '720 patent. Accordingly, the prior art is highly probative of an ordinarily skilled artisan's understanding of what '720 patent objectively describes and enables as the subject matter in possession of the patentees and how the claims distinguish that subject matter over the prior art. Thus, the prior art is extremely relevant to both Watson's non-infringement and 35 U.S.C. § 112 invalidity defenses. Indeed, in the context of both of these defenses, Watson has consistently

---

[1] Actavis, Inc. (formerly known as Watson Pharmaceuticals, Inc.), Watson Laboratories, Inc. – Florida, Watson Pharma, Inc., and Watson Laboratories, Inc., (collectively "Defendants" or "Watson").

discussed the prior art, including that cited during prosecution, and how the '720 patent applicants distinguished the disclosed and claimed invention from the prior art.

In its over-reaching motion, Shire simply conflates Watson's proper discussion of the prior art in these contexts with Watson's non-assertion of a prior-art based obviousness or anticipation defense. Any prior art reference or mesalamine drug product that Watson might discuss at trial, in the context of its asserted defenses, has been properly and previously disclosed to Shire during fact or expert discovery. Shire suffers no prejudice and its motion to exclude is legally unfounded and must be denied.

## II. Argument

### A. No Broad Prior Art Order Of Exclusion Should Issue Because The Prior Art Identified By Watson Is Relevant To Watson's Non-Infringement And 35 U.S.C. § 112 Invalidity Defenses

Watson asserts that it does not infringe any claim of '720 patent either literally or under the doctrine of equivalents and that the asserted claims of the '720 patent are invalid for failing to satisfy the written description and enablement requirements of 35 U.S.C. § 112(a). Watson has not asserted or pleaded any prior art-based anticipation or obviousness defense under 35 U.S.C. §§ 102 or 103, respectively. There is absolutely no authority in support of Shire's premise that because Watson has not asserted a prior art defense under 35 U.S.C. §§ 102 and/or 103, Watson must be precluded from any mention of previously disclosed prior art, even though clearly relevant to Watson's non-infringement and 35 U.S.C. § 112 defenses.

Shire's motion contends that Watson intends to rely on prior art at trial, as evidenced by Watson's expert's (Dr. Arthur Kibbe's) discussion of Asacol® in his rebuttal report and Watson's service of the *statutorily mandated* 35 U.S.C. § 282 statement identifying *previously disclosed* prior art references. (*See* Ex. 4 to Pls.' Mot.). Shire improperly characterizes both of these actions.

3

Dr. Kibbe properly discussed Asacol® in his rebuttal report in response to Shire's expert report discussing Asacol®. Accordingly, it is entirely appropriate for Watson to adduce testimony from Dr. Kibbe regarding Asacol® as it relates to this rebuttal discussion. Pursuant to 35 U.S.C. § 282, Watson merely listed previously-identified prior art references that may be relied upon to establish the state of the art. Shire mischaracterizes Watson's compliance with this requirement as an attempt to assert those references in support of a non-alleged anticipation or obviousness defense under 35 U.S.C. §§ 102 and 103.

Moreover, Watson is entitled to discuss this previously-identified prior art in the context of both its non-infringement and 35 U.S.C. § 112 invalidity defenses. A claimed invention is not enabled if "one skilled in the art, after reading the specification, could practice the claimed invention without undue experimentation." *AK Steel Corp. v. Sollac and Ugine*, 344 F.3d 1234, 1244 (Fed. Cir. 2003) (quoting *In re Wands*, 858 F.2d 731, 736-37 (Fed. Cir. 1988)). Among the factors identified by *Wands* as relevant to "undue experimentation" inquiry, are "the state of the prior art" and the "the relative skill of one in the art." *In re Wands*, 858 F.2d at 737.[2] Both of these factors are clearly related to the scope and content of the prior art. The prior art and state of the art is highly probative of an ordinarily skilled artisan's understanding of what '720 patent objectively describes and enables as the subject matter in possession of the patentees and how the claims distinguish that subject matter over the prior art, and thus relevant to the written description and enablement defenses.

---

[2] The "Wands factors" for determining whether undue experimentation is required, include: "(1) the quantity of experimentation necessary, (2) the amount of direction or guidance presented, (3) the presence or absence of working examples, (4) the nature of the invention, (5) the state of the prior art, (6) the relative skill of those in the art, (7) the predictability or unpredictability of the art, and (8) the breadth of the claims." *In re Wands,* 858 F.2d at 737.

Additionally, the prosecution history, including the prior art that the '720 patent applicants distinguished during prosecution, is part of the intrinsic evidence that must be considered in determining the proper scope of the claims both literally and under the doctrine of equivalents. *See, e.g., Phillips v. AWH Corp.*, 413 F.3d 1303 (Fed. Cir. 2005)(en banc), *citing Markman v. Westview Instruments, Inc.*, 52 F.3d 967, 979-81 (Fed.Cir.1995) (en banc), *aff'd*, 517 U.S. 370 (1996)("a court should also consider the patent's prosecution history, if it is in evidence."). The prosecution history consists of the complete record of the proceedings before the PTO and includes the prior art cited during the examination of the patent. *Phillips*, 413 F.3d at 1315, citing *Autogiro Co. of America v. United States*, 384 F.2d 391, 399 (Ct.Cl. 1967). The infringement inquiry is a two-step process that begins with ascertaining the proper scope of the claims. *See, e.g., Acumed L.L.C. v. Stryker Corp.*, 483 F.3d 800, 804 (Fed. Cir. 2007). In contravention of these well-settled principles, Shire's motion would inexplicably preclude Watson from referring to, arguably, the prior art most relevant to that inquiry, i.e., that which was cited and distinguished during prosecution.

Throughout this litigation, Watson has repeatedly referred to that prior art to show that Shire's allegations of infringement are inconsistent with positions taken during prosecution to distinguish the prior art. Because those differences were relied upon to obtain the '720 patent over the prior art, they necessarily inform an ordinarily skilled artisan's understanding of what the '720 patentees described, enabled and claimed as their invention. Shire cannot now be heard to complain of Watson's consistent use of that prior art and the alleged differences between it and the asserted claims to shed light on the issues of description, enablement and claim scope. The case law not only sanctions, but mandates the consideration of that prior art in this analysis. Shire's attempt to preclude Watson's entirely proper use, in this manner, of prior art previously

indentified simply because Watson does not assert a prior art-based invalidity defense under 35 U.S.C. §§102 and/or 103 is, therefore, misplaced.

### III.     Conclusion

Shire's motion seeking a broad exclusion of prior art and references to the prior art at trial should be denied because this evidence, and the arguments concerning it, are relevant to the issues of non-infringement and invalidity under 35 U.S.C. § 112 to be tried.

Dated: March 27, 2013                    Respectfully submitted,

s/ Janet T. Munn
Janet T. Munn, Fla. Bar No. 501281
Rasco Klock
283 Catalonia Avenue, Suite 200
Coral Gables, Fl 33134
Telephone: 305.476.7101
Telecopy: 305.476.7102
Email: jmunn@rascoklock.com

AND

s/ Kristin M. Cooklin
James K. Stronski*
Email: jstronski@crowell.com
Bruce D. DeRenzi*
Email: bderenzi@crowell.com
Crowell & Morning LLP
590 Madison Avenue, 20th Floor
New York, NY 10022-2544
Phone: 212.895.4217
Fax: 212.223.4134

Kristin M. Cooklin*
Email: kcooklin@crowell.com
Craig P. Lytle*
Email: clytle@crowell.com
Crowell & Moring LLP
1001 Pennsylvania Ave. NW
Washington, DC 20004
Phone: 202.624.2500
Fax: 202.628.5116

*Counsel for Defendants*


* Admitted *pro hac vice*

## CERTIFICATE OF SERVICE

I HEREBY CERTIFY that on this 27th day of March 2013, I electronically filed the foregoing document with the Clerk of the Court using CM/ECF. I also certify that the foregoing document is being served this day on all counsel of record identified below in the manner specified, either via transmission of Notices of Electronic Filing generated by CM/ECF, or in some other authorized manner for those counsel or parties who are not authorized to receive electronically Notices of Electronic Filing, and that the foregoing document was earlier served on March 22, 2013, on counsel for Plaintiffs by agreement of the parties, and was served by Kristin M. Cooklin, Esq., via electronic mail.

**Martin James Keane, Jr., Esq.**
Email: mkeane@gjb-law.com
**William Barry Blum, Esq.**
Email: bblum@gjb-law.com
Genovese Joblove & Battista
100 S.E. 2nd Street
Suite 4400
Miami, FL 33131

**Eric C. Christu, Esq.**
Email: echristu@shutts.com
**Daniel J. Barsky, Esq.**
Email: dbarsky@shutts.com
Shutts & Bowen LLP
525 Okeechobee Boulevard
Suite 1100
West Palm Beach, FL 33401

**Edgar H. Haug, Esq.\***
Email: ehaug@flhlaw.com
**Elizabeth Murphy, Esq.\***
Email: emurphy@flhlaw.com
**Jason A. Lief, Esq.\***
Email: jlief@flhlaw.com
**Mark P. Walters, Esq.\***
Email: mwalters@flhlaw.com
**Andrew Wasson, Esq.\***
Email: awasson@flhlaw.com
Frommer Lawrence & Haug, LLP
745 Fifth Avenue
New York, NY  10151
*Counsel for Plaintiffs*

*\*Admitted Pro Hac Vice*

By: s/ Janet T. Munn
Janet T. Munn

9