IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF FLORIDA

CASE NO. 12-60862-CIV-MIDDLEBROOKS/BRANNON

SHIRE DEVELOPMENT LLC,
SHIRE PHARMACEUTICAL
DEVELOPMENT INC.,
COSMO TECHNOLOGIES LIMITED, and
GIULIANI INTERNATIONAL LIMITED,

Plaintiffs,

v.

WATSON PHARMACEUTICALS, INC.
(n/k/a ACTAVIS, INC.), WATSON
LABORATORIES, INC. - FLORIDA (n/k/a
ACTAVIS LABORATORIES FL, INC.),
WATSON PHARMA, INC. (n/k/a ACTAVIS
PHARMA, INC.), and
WATSON LABORATORIES, INC.,

Defendants.
_____/

## SHIRE'S MOTION FOR RECONSIDERATION

Shire herein respectfully requests reconsideration of the Court's Order entered on September 8, 2014, which denied Shire's request for additional fact discovery on the grounds that, *inter alia*, "there is no indication that Defendants have changed the composition or formulation of their proposed product to the FDA." ECF No. 271 at 2. Shire asks for reconsideration in light of FDA correspondence dated September 2, 2014, but produced to Shire after this Court's ruling. In this correspondence, FDA determined that it could not approve Watson's ANDA in its current form and recommended that Watson reformulate its product.

Shire therefore requests reconsideration of the Court's September 8, 2014 ruling and proposes a schedule accordingly.

## I.     Relevant Factual Background

Pursuant to the Court's August 12, 2014 Order (ECF No. 261), the parties submitted a Joint Status Report (ECF No. 265), setting forth their respective scheduling proposals in light of the Federal Circuit's June 9, 2014 Mandate (ECF No. 255).

Shire's proposal included a period of supplemental fact discovery to allow for, *inter alia*, Watson's updated production of its ANDA and related regulatory correspondence.[1] ECF No. 265 at 3-4. Watson opposed Shire's scheduling proposal on the grounds that, *inter alia*, "[a]ny speculation that Watson might change or has changed its formulation of its product is completely unfounded." ECF No. 265 at 9.

On September 2, 2014, FDA sent a "Complete Response" regarding Watson's ANDA, which concluded:

> We have completed our review of this ANDA, and have determined that we cannot approve this ANDA in its present form. We have described our reasons for this action below and, where possible, our recommendations to address these issues.

Exhibit A, Complete Response at WMES0000094.[2] FDA's Complete Response then cites numerous deficiencies relating to, *inter alia*, Product Quality and Bioequivalence. Of particular significance is Major Product Quality deficiency no. 11, which provides in relevant part:

> It is recommended that you reformulate your product to achieve extended release at pH 7.2 comparable to that of the RLD, and manufacture a new batch (all CMC information for this new batch

---

[1] On August 26, 2014, counsel for Shire requested that Watson immediately update its production of documents to include "all regulatory submissions regarding ANDA No. 203817 to date." Watson did not immediately update its production or otherwise respond to Shire's request.

[2] A redacted version of the September 2, 2014 Complete Response is attached hereto as Exhibit A. Shire is able to provide the Court with an unredacted version of this document, upon the Court's request.

2

>    (2.3.P.1. to 2.3.P.8 of QOS and 3.2.P.1 to 3.2.P.8 should be
>    provided).

*Id.* at WMES0000095. Watson appears to have received FDA's Complete Response on September 3, 2014. *See* Exhibit A, Complete Response at WMES0000093.

On September 8, 2014, the Court entered an Order denying Shire's request for additional fact discovery, granting Shire's request for additional expert discovery, and directing the parties to submit a joint proposed schedule accordingly by September 19, 2014. ECF No. 271 at 2.

On September 12, 2014, Watson produced FDA's Complete Response to Shire, as documents labeled WMES0000093 - 101 and attached hereto as Exhibit A. Shire did not receive Watson's production until September 15, 2014.

## II. Argument

Shire respectfully submits that the Court's September 8, 2014 Order warrants reconsideration in light of FDA's September 2, 2014 Complete Response and proposes a schedule for moving forward accordingly.

### A. FDA's Recent Action Is Directly Relevant to Issues Underlying the Court's September 8, 2014 Ruling

FDA's September 2, 2014 determination is directly relevant to the Court's September 8, 2014 ruling. The Court specifically notes in its Order that "none of its findings of fact were challenged on appeal and that there is no indication that Defendants have changed the composition or formulation of their proposed product to FDA." ECF No. 271 at 1-2.

FDA's Complete Response letter directly contradicts Watson's statement in the Joint Status Report that "[a]ny speculation that Watson might change or has changed its formulation of its product is completely unfounded." FDA has now in fact recommended that Watson reformulate its product in order to meet the applicable bioequivalence guidelines. Shire believes

3

that this information should have been before the Court in its consideration of the parties' Joint Status Report.

FDA's September 2, 2014 Complete Response may also implicate the Court's findings of fact. As previously noted, FDA now recommends reformulation and resubmission of "all CMC information for this new batch (2.3.P.1. to 2.3.P.8 of QOS and 3.2.P.1 to 3.2.P.8" included in Watson's original ANDA submission. These sections of Watson's original ANDA submission include Watson's Product Development Report, which both parties relied upon in their proposed findings of fact.[3] The Court's Opinion and Order (ECF No. 246) relies on the Product Development Report as well. *See, e.g.*, ECF No. 246 at 11.

As the Court's decision was rendered without knowledge of FDA's September 2, 2014 Complete Response, Shire believes that reconsideration is warranted.

### III. Shire Requests Limited Fact Discovery on Watson's Efforts in Addressing FDA's Recent Action

In light of these recent developments, Shire requests that the Court enter the schedule set forth in Exhibit B, which proposes: (1) a limited period of fact discovery necessary to address the impact of FDA's September 2, 2014 Complete Response; and (2) subsequently, expert discovery on Watson's final proposed ANDA formulation.

Shire proposes a limited period of fact discovery directed to Watson's efforts in addressing and responding to the numerous issues identified in FDA's September 2, 2014 Communication. FDA has recommended that Watson reformulate its product and submit new information (e.g., a new Product Development Report) accordingly. As Shire noted in the Joint Status Report, the infringement analysis focuses on the product likely to be sold, if approved. *See* ECF No. 265 at 3-4. Thus, discovery on Watson's intentions and progress in this regard

---

[3] *See, e.g.*, ECF No. 244-1 at ¶¶ 77-81 (citing PTX 23, Watson's "Product Development Report").

bears directly on the infringement analysis on remand and will inform scheduling recommendations for moving forward in this case.

A period of expert discovery would then follow, on the basis of this supplemental fact discovery and, consistent with the Court's September 8, 2014 ruling, as appropriate in light of the Federal Circuit's March 28, 2014 decision.

## IV. Conclusion

For these reasons, Shire respectfully requests that the Court reconsider its September 8, 2014 Order accordingly. To the extent that the Court would find it helpful, Shire additionally notes its availability for a status conference to address any of the issues raised herein.

## CERTIFICATE OF GOOD FAITH CONFERENCE

I HEREBY CERTIFY that pursuant to S.D. Fla. L.R. 7.1(a)(3), prior to filing this motion, counsel for Plaintiffs, Andrew Wasson, Esq. and Eric Christu, Esq., telephoned counsel for defendants, Steven A. Maddox, Esq., in a good faith attempt to resolve by agreement the matters that are raised herein. Mr. Maddox never formally responded to the voicemail, but defendants have repeatedly shown their opposition to the relief sought in this motion via, *inter alia*, their Proposed Scheduling Order (D.E. Nos. 279, 279-2) and Defendants' Motion and Memorandum of Law to Require Filing Under Seal Portions of Filings Related to Plaintiffs' Motion for Reconsideration and Defendants' Motion for *Expedited* Ruling (formerly D.E. No. 282).

/s/ Daniel J. Barsky
Daniel J. Barsky, Esq.

Dated September 30, 2014
Respectfully submitted,


 /s/ Daniel J. Barsky
Edgar H. Haug*
    EHaug@flhlaw.com
Jason A. Lief*
    JLief@flhlaw.com
Andrew Wasson*
    AWasson@flhlaw.com
Mark P. Walters*
    MWalters@flhlaw.com
Elizabeth Murphy*
    EMurphy@flhlaw.com
Nicholas F. Giove*
    NGiove@flhlaw.com
FROMMER LAWRENCE & HAUG LLP
745 Fifth Avenue
New York, NY 10151
Phone: 212.588.0800
Fax: 212-588-0500

Eric C. Christu (FL Bar No. 434647)
    echristu@shutts.com
Daniel J. Barsky (FL Bar No. 25713)
    dbarsky@shutts.com
SHUTTS & BOWEN LLP
525 Okeechobee Boulevard, Suite 1100
West Palm Beach, FL 33401
Phone: 561.650.8556
Fax:561.671.5900

*Counsel for Plaintiffs*
*\*Admitted Pro Hac Vice*

## CERTIFICATE OF SERVICE

I hereby certify that on September 30, 2014, the foregoing document was conventionally filed (under seal) with the Clerk of the Court and served on the following counsel of record by e-mail:

| | |
|---|---|
| **Steven A. Maddox, Esq.** (steven.maddox@knobbe.com) **Jonathan E. Bachand, Esq.** (jonathan.bachand@knobbe.com) Knobbe, Martens, Olson & Bear, LLP 1717 Pennsylvania Avenue, NW Suite 900 Washington, DC 20006 (202) 640-6400 *Counsel for Defendants* | **Janet T. Munn, Esq.** (jmunn@rascoklock.com) Rasco Klock Perez & Nieto, P.L. 2555 Ponce de Leon Boulevard Suite 600 Coral Gables, Florida 33134 (305) 476-7100 *Counsel for Defendants* |

    /s/ Daniel J. Barsky    /
Daniel J. Barsky